### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CARLOS MANUEL BALESTIER-       :      No. 3:25-CV-2155
MARRERO,                        :
          **Petitioner**          :
                               :      (Judge Munley)
  v.                          :
                               :
BRADLEY BOOHER,                 :
          **Respondent**          :

### <u>MEMORANDUM</u>

Carlos Manuel Balestier-Marrero initiated the above-captioned action by filing a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his 2018 convictions and sentence entered by the Court of Common Pleas of Berks County, Pennsylvania. Because Balestier-Marrero filed his Section 2254 petition well after the relevant statute of limitations expired and he has failed to establish that the limitations period should be tolled, the court must dismiss his petition.

### I.    BACKGROUND

In 2017, Balestier-Marrero was charged with, among other offenses, possession with intent to deliver a controlled substance (PWID), conspiracy to commit PWID, criminal use of a communications facility, and corrupt organizations. See Commonwealth v. Balestier-Marrero, 314 A.3d 549, 551 (Pa. Super. Ct. 2024). His case was consolidated with several co-defendants,

including David Starke and Eddie Ferrer.  Id.  On December 10, 2018, Balestier-Marrero entered a guilty plea to the foregoing offenses and was sentenced the same day to a term of 10 to 20 years' incarceration.  See id.

Balestier-Marrero did not file post-sentence motions or a direct appeal.  Id. However, on October 30, 2020, he filed a *pro se* petition under Pennsylvania's Post Conviction Relief Act (PCRA), 42 PA. CONS. STAT. § 9541 *et seq.*  Id. Balestier-Marrero acknowledged that his state post-conviction petition had been filed beyond the PCRA's one-year statute of limitations, but argued that his petition was subject to the newly-discovered-fact exception to the limitations period provided by 42 PA. CONS. STAT. § 9545(b)(1)(ii).  See id. at 551-52; 42 PA. CONS. STAT. § 9545(b)(1)(ii) (requiring PCRA petition to be filed "within one year of the date the judgment becomes final" unless it is alleged and proven that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence").  Balestier-Marrero contended that an expert report authored by Daniel Rigmaiden (the Rigmaiden Report)—created for co-defendant Starke and given to Balestier-Marrero on February 6, 2020—provided the foundation for the limitations-period-exception found in Section 9545(b)(1)(ii).  See Balestier-Marrero, 314 A.3d at 551-52.

After holding a hearing, the PCRA court ruled that Balestier-Marrero's PCRA petition was untimely. See id. at 552-53. He appealed, raising a single claim that the PCRA court had erred by finding that his petition did not satisfy the newly-discovered-fact exception under Section 9545(b)(1)(ii). See id. at 553. The Superior Court, however, affirmed the dismissal of Balestier-Marrero's PCRA petition as untimely. See id. at 554-56. On December 11, 2024, the Supreme Court of Pennsylvania denied his petition for allowance of appeal. See Commonwealth v. Balestier-Marrero, No. 259 MAL 2024, 330 A.3d 1245 (Pa. 2024) (table).

Balestier-Marrero filed the instant Section 2254 petition in this court on November 3, 2025. (See Doc. 1 at 14, 15); Pabon v. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011) ("The federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing."). He also submitted a comprehensive, typewritten brief addressing the statute of limitations, procedural default, and the merits of his claim. (See generally Doc. 2). His petition is therefore ripe for preliminary screening under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. See 28 U.S.C. § 2254 Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

3

## II.    DISCUSSION

Balestier-Marrero raises one claim in his Section 2254 petition: that he was denied due process because the Commonwealth illegally suppressed evidence "regarding the unconstitutional manner in which it obtained evidence prior to negotiating and accepting a guilty plea from" him.  (Doc. 1 at 5; Doc. 2 at 15).  The court cannot reach the merits of this claim, however, because Balestier-Marrero's petition is facially barred by Section 2254's statute of limitations and he has not established a basis for tolling that limitations period.[1]

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §§ 2241-2254, contains a one-year statute of limitations for state prisoners seeking habeas corpus relief in federal court.  See id. § 2244(d)(1).  In most cases, that one-year clock begins to run when the state conviction becomes "final," as indicated by "the conclusion of direct review or the expiration of the time for seeking such review."  Id. § 2244(d)(1)(A).  The AEDPA expressly provides for tolling of this limitations period when "a *properly filed* application for

---

[1] This court may "consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." Wood v. Milyard, 566 U.S. 463, 472 (2012) (quoting Day v. McDonough, 547 U.S. 198, 209 (2006)); see also 28 U.S.C. § 2254 Rule 4.  Normally, the court would provide Balestier-Marrero notice and an opportunity to respond to the statute-of-limitations issue.  See Day, 547 U.S. at 210.  However, in this case, Balestier-Marrero is well aware of the statute-of-limitations concerns and he has preemptively addressed them in his supporting memorandum of law, thereby negating the need for additional notice and an opportunity to present his position.  See id.

4

Case 3:25-cv-02155-JKM-MP    Document 6    Filed 03/17/26    Page 5 of 11

State post-conviction or other collateral relief" for the at-issue judgment is "pending." Id. § 2244(d)(2) (emphasis added).

Balestier-Marrero's state-court judgment of sentence was imposed on December 10, 2018. He did not file post-sentence motions or a direct appeal. Consequently, his conviction became "final" for AEDPA purposes on January 9, 2019, when the time to file an appeal expired. See 28 U.S.C. § 2244(d)(1)(A); PA. R. APP. P. 903(a) (requiring, generally, that notice of appeal be filed within 30 days after entry of court order sought to be reviewed); (Doc. 2 at 5). Thus, if operating under Section 2244(d)(1)(A) for the limitations accrual date, Balestier-Marrero's AEDPA statute of limitations expired one year later, on January 9, 2020. See 28 U.S.C. § 2244(d)(1)(A). Section 2244(d)(2) tolling would not apply in these circumstances because no PCRA petition was filed within the year after the conviction became final.

Balestier-Marrero instead contends that his AEDPA statute of limitations began running on February 6, 2020—the date when he first discovered the existence of the Rigmaiden Report—pursuant to 28 U.S.C. § 2244(d)(1)(D). (See Doc. 2 at 4 n.2, 6, 16). He further asserts that statutory tolling applies and renders his Section 2254 petition timely. Balestier-Marrero is incorrect for two reasons.

5

###### 1.    Statutory Tolling

First, statutory tolling does not apply.  Although Balestier-Marrero filed a PCRA petition on October 30, 2020, that petition did *not* toll the AEDPA's statute of limitations because it was not a "properly filed application for State post-conviction . . . review."  28 U.S.C. § 2244(d)(2).  As the Pennsylvania courts held, Balestier-Marrero's PCRA petition was filed beyond the PCRA's one-year statute of limitations and he had failed to prove an exception to the time bar under 42 PA. CONS. STAT. § 9545(b)(1)(i)-(iii).  Such an untimely state post-conviction petition is not "properly filed" and does not toll the AEDPA's statute of limitations.  See Pace v. DiGuglielmo, 544 U.S. 408, 414, 417 (2005) (holding that, because state court rejected PCRA petition as untimely, petitioner was "not entitled to statutory tolling under § 2244(d)(2)"); Wallace v. Mahanoy, 2 F.4th 133, 149 (3d Cir. 2021) (holding that petitioner's PCRA petition was not "properly filed" for statutory tolling purposes because state court had dismissed the petition as untimely and federal courts must "afford deference" to that decision); see also Martin v. Adm'r N.J. State Prison, 23 F.4th 261, 268 (3d Cir. 2022) (citing Merritt v. Blaine, 326 F.3d 157, 162 (3d Cir. 2003) ("[T]o fall within the AEDPA tolling provision, the petition for state post-conviction review must have been both pending and 'properly filed.'")); Merrit, 326 F.3d at 165-66 ("[W]e must defer to the state

6

court's holding that [petitioner]'s PCRA petition was untimely and it follows that it was not 'properly filed' under AEDPA.").

Balestier-Marrero argues that the petition can still be found to be "properly filed" by this court even though it was dismissed as untimely by the state courts. (See Doc. 2 at 7). Yet he does not establish why this is so, and the cases that he cites are inapposite or no longer good law. His reliance on Merritt v. Blaine, 326 F.3d 157 (3d Cir. 2003), the only precedent binding on this court, is particularly misplaced. In Merritt, the United States Court of Appeals for the Third Circuit rejected an argument similar to Balestier-Marrero's and reaffirmed that "an untimely PCRA petition does not toll the statute of limitations for a federal habeas corpus petition." Merritt, 326 F.3d at 165 (citing Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)). Thus, statutory tolling does not apply.

Second, even assuming statutory tolling applied, Balestier-Marrero's Section 2254 petition would still be untimely. Section 2244(d)(1)(D) requires a petitioner to file a federal habeas petition within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). According to Balestier-Marrero, he became aware of the purported new evidence (the Rigmaiden Report) on February 6, 2020, when it was provided to him by co-defendant Starke. (See Doc. 2 at 4 n.2, 6, 16); Balestier-Marrero, 314 A.3d at

7

552. Thus, Balestier-Marrero had one year from February 6, 2020, to file a Section 2254 petition raising this newly discovered ground for relief.

Assuming statutory tolling went into effect on October 30, 2020, when he filed his PCRA petition, 267 days had already elapsed on his AEDPA statute of limitations. See LaCava v. Kyler, 398 F.3d 271, 273-74 (3d Cir. 2005) (explaining statute-of-limitations calculations when a timely state-court post-conviction petition is filed). Accordingly, Balestier-Marrero had 98 days remaining on his federal limitations period (or until March 19, 2025) following expiration of the hypothetical statutory tolling on December 11, 2024, when the Pennsylvania Supreme Court denied his petition for allowance of appeal. Balestier-Marrero, however, did not file the instant Section 2254 petition until November 3, 2025, more than seven months out of time.

In sum, statutory tolling does not apply because Balestier-Marrero never "properly filed" a petition for state post-conviction relief. And even if it did apply, his Section 2254 petition would still be more than seven months late. The instant petition, therefore, is time-barred unless Balestier-Marrero can establish a basis for equitable tolling.

### 2. Equitable Tolling

AEDPA's statute of limitations is subject to equitable tolling. Martin v. Adm'r N.J. State Prison, 23 F.4th 261, 272 (3d Cir. 2022) (citing Holland v.

8

Florida, 560 U.S. 631, 645-49 (2010)).  Application of this doctrine, however, occurs "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice," and must be determined on a case-by-case basis.  Id. (alteration in original) (quoting LaCava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005)) (citing Munchinski v. Wilson, 694 F.3d 308, 329 (3d Cir. 2012)).

To establish entitlement to equitable tolling, the petitioner must show that (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance" prevented him from timely filing his Section 2254 petition. Holland, 560 U.S. at 649 (citation omitted).  The diligence required is "reasonable diligence," not "maximum feasible diligence." Id. at 653 (citations omitted); Ross v. Varano, 712 F.3d 784, 799 (3d Cir. 2013).  Finally, the equitable tolling standard is conjunctive, requiring the petitioner to establish both elements before tolling is permitted. Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012).

Balestier-Marrero has not made this extremely difficult showing.  In particular, he has not alleged or established an extraordinary circumstance that prevented him from timely filing his Section 2254 petition.  He asserts only that the state courts' determination that his PCRA petition was untimely constitutes "extraordinary circumstances" to permit equitable tolling.  (See Doc. 2 at 9).

This argument fails for multiple reasons, not the least of which is that, as explained above, even if the state courts had found that Balestier-Marrero's

9

PCRA petition was timely filed and thus implicated statutory tolling, his Section 2254 petition was still filed over seven months late.  Furthermore, Balestier-Marrero has pointed to no case law holding that a state court's PCRA timeliness determination (whether correct or errant) could qualify as an extraordinary circumstance to justify the rare relief of equitable tolling.  Indeed, after learning of the Rigmaiden Report, Balestier-Marrero could have simply filed a protective Section 2254 petition in federal court and asked the court to stay and abey the unexhausted petition while he pursued state remedies.  See Helluva v. Brooks, 581 F.3d 187, 190-92 (3d Cir. 2009).

Balestier-Marrero has failed to establish that extraordinary circumstances (or any circumstances, for that matter) prevented him from timely filing a federal habeas petition.  Thus, even if he was acting with due diligence, he cannot show that equitable tolling is applicable in this case.  See Sistrunk, 674 F.3d at 190 (requiring petitioner to demonstrate both elements of equitable tolling before tolling is permitted).  Because neither statutory tolling nor equitable tolling applies, Balestier-Marrero's Section 2254 petition is patently untimely and must be dismissed.

## III.   CONCLUSION

Based on the foregoing, the court must dismiss Balestier-Marrero's petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The petition is facially

barred by AEDPA's statute of limitations, and he has not established any basis for tolling this limitations period.  The court will likewise deny a certificate of appealability, as Balestier-Marrero has failed to make a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), or that "jurists of reason would find it debatable" whether this court's procedural ruling is correct, Slack v. McDaniel, 529 U.S. 473, 484 (2000).  An appropriate Order follows.

Date: 3/17/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court